No. 27,051.

THE UNION BUILDING, LOAN & SAVINGS ASSOCIATION, *Appellant*, v. E. U. BRIGHT et al., *Appellees*.

SYLLABUS BY THE COURT.

MORTGAGES—*Redemption—Time for Redemption.* In an action to foreclose a mortgage on real estate to satisfy an indebtedness where plaintiff was given judgment against defendant and others, and in which judgment defendant was adjudged to have an equity of redemption, the plaintiff's later objections to defendants' adjudicated right of redemption considered and not sustained.

Appeal from Wabaunsee district court; ROBERT C. HEIZER, judge. Opinion filed February 12, 1927. Affirmed.

*George D. Rathbun,* of Manhattan, for the appellant.
*William E. Smith,* of Wamego, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal questions defendant's right to redeem real estate from a mortgage-foreclosure sale under the following circumstances:

C. E. Gould and defendant, E. U. Bright, were joint owners of a Wabaunsee county farm. They mortgaged it to plaintiff to secure the payment of a promissory note for a large sum of money. Gould and Bright and his wife, Gertrude May Bright, signed the mortgage. Gould then sold the farm to Bright, but later Bright sold and reconveyed the farm by warranty deed to Gould, who died before he paid the consideration therefor.

Bright was appointed administrator of Gould's estate. He listed the farm as Gould's estate, and sold and accounted for the crops.

He petitioned the probate court for leave to sell the farm to pay Gould's debts; and permission to sell was granted, but the farm was not sold pursuant thereto.

The plaintiff commenced foreclosure proceedings, under his mortgage, against the heirs of Gould and against E. U. Bright and Gertrude May Bright, setting up his note and the mortgage executed by Bright and wife, and was given judgment against them for $11,173 and costs. The judgment also decreed foreclosure of the mortgage and sale of the farm to satisfy the judgment indebtedness and further directed—

"That . . . each and all of the defendants, . . . be barred and foreclosed of all right, title, or interest in and to the said real estate, except that the defendants have an equity of redemption in and to the said real property for a period of ———— months from the date of the sale of the said real property. . . ."

All parties acquiesced in that judgment, which was rendered on May 25, 1925, and accordingly the farm was sold by the sheriff on July 13, 1925.

On August 17, 1925, plaintiff moved to have the sale confirmed and the period of redemption fixed. He also alleged that the property was abandoned "by the defendants who were the owners of the legal title" and moved that the period of redemption be fixed at six months.

Bright filed an answer to the motion, and recited the facts of his ownership of the property prior to his sale of it to Gould under a complicated agreement between Gould, the defendant Bright, and the First National Bank of Wamego, concerning payment for the farm, which obligation Gould had not been able to discharge, and in consequence a heavy secondary liability of defendant to the bank had to be satisfied by defendant, and thereby the consideration for his conveyance of the farm to Gould wholly failed; and that defendant was the equitable owner of the farm and entitled to redeem.

The trial court allowed Bright eighteen months to redeem, and plaintiff appeals, contending that defendant was not an equitable owner having any right of redemption; and if defendant was ever entitled to redeem he was estopped to claim such right by his conduct as administrator.

Neither of plaintiff's contentions is meritorious. The doctrine of estoppel might embarrass defendant if it were invoked by anybody

who was misled to his prejudice by Bright's conduct as administrator. Plaintiff was not prejudiced, nor did he claim to be. (*Street Lighting Co. v. City of Wichita,* 101 Kan. 452, 460, and syl. ¶ 2, 168 Pac. 1090; *McKie v. Curtis,* 112 Kan. 223, 225, 210 Pac. 483.) So far as concerned others than himself, however, Bright's conduct in dealing with the farm as the property of Gould's estate in his capacity as administrator was one of commendable unselfishness. And as to the question of defendant's equitable ownership, that would necessitate an analytical review of the facts concerning the agreement of Gould, defendant, and the Wamego bank. The trial court's determination of that matter was not challenged by motion for a new trial and consequently is not open to review. Moreover, the very terms of the judgment in foreclosure rendered in plaintiff's favor defeat plaintiff in this appeal. Plaintiff's rights are predicated on that judgment. There was no appeal therefrom. That judgment among other matters decreed "that the defendants have an equity of redemption in the said real estate." The defendants—brought into this lawsuit by plaintiff itself—included specifically E. U. Bright and Gertrude May Bright. Without that judgment nothing succeeding its rendition would have any legal effect. On that judgment Bright and wife have as good right to rely as does the plaintiff.

There is no error in the record and the judgment is affirmed.